(No. 4823 )

ALEXANDER STORTS, A MINOR, BY LOUISE STORTS, HIS MOTHER AND NEXT FRIEND, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1960.*

GIAMBRONE AND COHEN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; Lester Slott, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, Alexander Storts, a minor, 17 years of age, while an inmate of the St. Charles Reformatory, received an injury to his right eye, which ultimately required its removal, and brings this action against respondent in the sum of $7,500.00 to recover damages by reason thereof. Claimant at the time of his injury was picking up bales of hay, which had been ejected from a hay baler, and loading them onto a flat bed wagon, approximately four feet high, at the Illini State Boys Camp at Marseilles, Illinois.

He testified that, as he was lifting a 125 pound bale of hay, hay seed and dust from it lodged in his right eye; that his eye immediately began to hurt, and he was told by the man in charge to cease working and sit in the station wagon. He remained at the field for about four hours before returning to the camp where he reported

to a staff member, who told him "to take it easy and it would come out".

He could not sleep well that night, and the eye was painful. The following day it was very red, and the staff member took him to Dr. Dunn at Marseilles for treatment and medication. The next morning his eye had turned white, and he was sent to the Eye, Ear and Nose Clinic in Chicago for treatment, and eventually the eye was removed on October 30, 1956.

The Departmental Report offered in evidence by respondent as exhibit No. 1 states that the matter was first called to the attention of respondent several days after September 17, when he reported the condition to the camp director, Mr. Clem Smith. When this was brought to the attention of Mr. Smith, the boy was examined by Dr. Dunn at Marseilles on September 19, 1956. The report then confirms the fact that the eye was eventually removed.

Claimant charges in his complaint that respondent negligently failed to supply him with a reasonably safe place to work, and negligently failed to supply him with safe protective equipment or goggles, so as to protect his eyes from injury from seeds, straw and foreign objects, which were continually being discharged from the automatic baling machine. As a proximate result thereof, a foreign object, piece of debris, or hay seed was caused to be thrown into his right eye resulting in its eventual removal.

Neither claimant nor respondent filed briefs, claimant having requested the Court for permission to waive the filing of briefs, which request was granted.

The only testimony in the record pertaining to the occurrence was that of claimant. He testified on direct examination on this point as follows:

"Q. When you were lifting them, did any part of the bale come out?

A. Just hay seed and dust came out. Some of it got in my eye. It happened a few times. Usually I got it out.

Q. What, if anything, happened while you were lifting this bale of hay on this day, September 17, 1956; what, if anything, happened to you while you were so lifting these bales?

A. I got hay seed in my eye. I knew it was in there. I told the guy that was in charge, Mr. Flowers, I think his name was."

From the above, it is apparent that the hay seed was not caused to be thrown into his eye by the baler, as is charged in the complaint. Moreover, there is no evidence that he was required to work directly in the stream of hay seed and debris coming from the baler. His only duty at the time of this occurrence was to pick up the bales after they were ejected from the moving baler and load them on the wagon. Consequently, the stream of hay seed from the baler was not the proximate cause of this occurrence. On this point, he stated that the hay seed came from the bale of hay, which he was lifting.

With respect to the contention that respondent did not furnish claimant with a safe place to work, we find that the evidence does not establish this charge. It is common knowledge that 17 year old boys have always performed similar work on the farms throughout this State, and there is nothing in this record to establish that claimant was incapable of likewise performing such work.

With respect to the charge of negligently failing to supply goggles or other protective equipment, we find that there was no duty on the part of respondent to do so.

To hold otherwise would require that respondent do that, which commonly is not done by farmers engaged in the loading of bales of hay onto a wagon. No evidence was introduced to establish any extraordinary conditions that would require the supplying of goggles.

If we were to hold respondent liable in this case, our decision would of necessity apply the standard of absolute liability, which is not the law of Illinois.

As in the case of *Dargie* vs. *East End Boulders Club*, 346 Ill. App. 480, this case is one of those involving an injurious occurrence for which the law furnishes no redress, since the misfortune of claimant is not attributable to any fault on the part of respondent.

In the above case the court cited with approval a quotation from a Minnesota case, *Dahl* vs. *Valley Dredging Co.*, at page 491 of the opinion. Although the factual situation in this case differs from the instant case, the court therein set forth what seems to us to be an excellent statement of the test to be applied in this case. The court stated as follows:

" '* * * The care taken by people generally to prevent injury from articles in common use is a proper guide for the courts in determining what constitutes due care in respect to such articles. The law does not exact a degree of care in guarding any article, which will make the great majority of the possessors of that article chargeable with habitual or continuous negligence. Due care in any case is the care usually exercised by men of ordinary prudence in like cases and under like circumstances. This is the standard by which the conduct of those charged with negligence is measured.' "

Consequently, we must deny this claim for the reason that the evidence fails to establish that respondent was negligent, as charged in the complaint.